IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA | OPINION AND ORDER |
| v. | 06-cr-81-wmc |
| | 13-cv-803-wmc |
| STEPHEN B. WAINWRIGHT | |

Defendant Stephen B. Wainwright has filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct the sentence that he received in *United States v. Wainwright*, Case No. 06-cr-81-jcs. After considering his memorandum in support, as well as the pleadings pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, his motion will be dismissed for the reasons set forth briefly below.

BACKGROUND

Wainwright pled guilty to an indictment charging him with distributing child pornography in violation of 18 U.S.C. § 2252(a)(2). Those charges were filed against Wainwright after he was caught exchanging child pornography over the internet with undercover police officers posing as minors. On July 19, 2006, the district court sentenced Wainwright at the top of the advisory guideline range to serve 151 months in prison.[1]

---

1 The pre-sentence report ("PSR") calculated a base offense level score of 17 pursuant to the advisory guideline applicable to the offense. See U.S.S.G. § 2G2.2. The PSR added several enhancements based on specific offense characteristics, including: two levels pursuant to § 2G2.2(b)(3) because some of the material involved prepubescent minors or minors under the age of 12; five levels pursuant to § 2G2.2(b)(2)(C) because Wainwright distributed material involving sexual exploitation of a minor to a minor, or someone he reasonably believed was a minor; four levels pursuant to § 2G2.2(b)(4) because some of the material distributed by Wainwright portrayed sadistic or masochistic conduct or other depictions of violence; two levels

On direct appeal, Wainwright argued that the district court erred when it calculated his sentence under the advisory guidelines by applying a five-level enhancement for distributing child pornography to a minor. *See* U.S.S.G. § 2G2.2(b)(2)(C). Noting that he failed to object to the enhancement at sentencing, the Seventh Circuit found no plain error on the district court's part. *United States v. Wainwright*, 509 F.3d 812, 815 (7th Cir. 2007). Even if his sentence was improperly enhanced under § 2G2.2(b)(2)(C), the Seventh Circuit noted further that Wainwright could not demonstrate substantial prejudice because he would still be subject upon resentencing to a different five-level enhancement for distribution of child pornography in exchange for a thing of value under § 2G2.2(b)(2)(B). *Wainwright*, 509 F.3d at 815-16.

After the Seventh Circuit affirmed his conviction and sentence on December 4, 2007, Wainwright appealed no further. Thus, his conviction became final ninety days later, on or about March 3, 2008, when his time to file a petition for certiorari in the United States Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003).

In a § 2255 motion dated November 5, 2013, Wainwright now claims that he is entitled to relief because he was denied effective assistance of counsel at his sentencing. In particular, Wainwright contends that his trial attorney failed to object to the five-level enhancement found at U.S.S.G. § 2G2.2(b)(2)(C). Wainwright also maintains that his

---

under § 2G2.2(b)(5) because a computer was used to transmit the pornographic materials; and five levels pursuant to § 2G2.2(b)(6)(D) because the offense involved at least 600 images of child pornography. With enhancements raising his adjusted offense level score from 17 to 35, the PSR subtracted three levels for acceptance of responsibility in pleading guilty, lowering Wainwright's total offense score to 32. With zero criminal history points and his subsequent placement in Criminal History Category I, Wainwright faced a sentence of 121 to 151 months' imprisonment.

appellate counsel failed to raise a claim of ineffective assistance of counsel against his trial attorney, based on the same failure to object.  Finally, Wainwright contends that both trial and appellate counsel were deficient for failing to object or challenge certain special conditions imposed on his term of supervised release.

OPINION

As a preliminary matter, the court notes that Wainwright's motion is subject to dismissal as untimely under the governing one-year statute of limitations found in 28 U.S.C. § 2255(f).  In that respect, the limitations period found in § 2255(f) runs from the latest of —

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Wainwright does not claim that he was prevented from seeking relief by a governmental action or impediment, therefore § 2255(f)(2) does not apply.  Likewise, Wainwright's ineffective-assistance claims do not depend on a newly recognized right made retroactive by the Supreme Court or on supporting facts that could not have been

3

discovered previously with the exercise of due diligence for purposes of § 2255(f)(3) or (f)(4), respectively.

Under these circumstances, the applicable statute of limitations for seeking § 2255 relief ran from March 3, 2008, the date Wainwright's judgment became final and expired one year later on March 3, 2009.   Therefore, Wainwright's pending motion, dated November 5, 2013, is late by more than four years (in fact, four years, eight months, two days).

Wainwright argues that the statute of limitations should run from June 5, 2013, which is the date on which a state circuit court in Tazewell County, Illinois, nullified a 1987 misdemeanor conviction on charges of criminal sexual abuse.   Wainwright does not present proof that the underlying misdemeanor was nullified, but even if it were, this fact has no connection to any of the ineffective-assistance claims raised in Wainwright's pending motion for relief under § 2255.   Although Wainwright claims that the district court imposed such a harsh sentence because of this underlying misdemeanor conviction, there is no reference to it in the PSR, which showed Wainwright had *zero* criminal history points, *and* there was no mention of it during Wainwright's sentencing. Accordingly, Wainwright's argument is without merit.

Thus, Wainwright does not allege or show that there is any other basis to toll the statute of limitations.   Even if he had, there remains the Seventh Circuit's ruling that any failure by trial counsel to object to an enhancement under § 2G2.2(b)(2)(C) was harmless, since a similar enhancement would have been applied under another guideline

provision.   Accordingly, his motion will be dismissed.

Under Rule 11 of the Rules Governing Section 2255 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner.   To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004).   This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Although the rule allows a court to ask the parties to submit arguments on whether a certificate should issue, it is not necessary to do so in this case because the question is not a close one. For the reasons stated, reasonable jurists would not debate the decision that defendant's motion is untimely and therefore barred by 28 U.S.C. § 2255(f). Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED that:

1. Defendant Stephen B. Wainwright's motion to vacate, set aside or correct

5

sentence under 28 U.S.C. § 2255 is DISMISSED as untimely.

2.  A certificate of appealability is also DENIED.   Defendant may, if he wishes

    to do so, seek a certificate from the court of appeals under Fed. R. App. 22.

Entered this 1st day of April, 2015.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge